UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH LAUFER, Individually,                    :
                                                 :
                    Plaintiffs,                  :
                                                 :
v.                                               :   Case No.
                                                 :
AUM SHREE LLC, A New York Corporation,           :
                                                 :
                    Defendant.                   :
_____/ :
                                                 :
                                                 :
                                                 :

## **COMPLAINT**
(Injunctive Relief And Damages Demanded)

Plaintiff, DEBORAH LAUFER, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, AUM SHREE LLC, A New York Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to the New York State Human Rights Law, NYS Exec. Law Section 296(2)(a) ("NYSHRL").

1.      Plaintiff  is a resident of Pasco County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff

requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3.      Defendant owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known

2

as Attican Motel Attica NY, 11180 Alexander Rd, Attica, NY 14011, and is located in the County of Wyoming, (hereinafter "Property").

4.      Venue is properly located in the WESTERN DISTRICT OF NEW YORK  because the Defendant's hotel is located in this district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

**Count I - Violation Of The ADA**

6.      Plaintiff realleges paragraphs 1-5 as if set forth fully hereunder.

7.      As the owner of the subject place of lodging, Defendant is required to comply  with the ADA.  As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA.  These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

8.      More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

3

**Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

9.        These regulations became effective March 15, 2012.

10.       Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains an online reservations system (hereinafter "ORS") for the Property. The purpose of this ORS is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.  As such, the ORS is subject to the requirements of 28 C.F.R. Section 36.302(e).

11.       On April 1, 2020 and April 2, 2020, prior to the commencement of this lawsuit, Plaintiff visited the ORS for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28

4

C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the following violations were found:

i.      The website for the hotel located at booking.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

ii.     The website for the hotel located at expedia.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

iii.    The website for the hotel located at hotels.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

iv.     The website for the hotel located at priceline.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

v.      The website for the hotel located at orbitz.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

vi.     The website for the hotel located at agoda.com did not identify or allow

for reservation of accessible guest rooms and did not provide sufficient

information regarding accessability at the hotel.

12.     In the near future, Plaintiff intends to revisit Defendant's ORS in order to test it for

compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to

reserve a guest room and otherwise avail herself of the goods, services, features,

facilities, benefits, advantages, and accommodations of the Property.

13.     Plaintiff is continuously aware that the subject ORS remains non-compliant and

that it would be a futile gesture to revisit it as long as those violations exist unless

she is willing to suffer additional discrimination.

14.     The violations present at Defendant's ORS infringe Plaintiff's right to travel free

of discrimination and deprive her of the information required to make meaningful

choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and

humiliation as the result of the discriminatory conditions present at Defendant's

ORS. By continuing to operate the ORS with discriminatory conditions,

Defendant contributes to Plaintiff's sense of isolation and segregation and deprives

Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges

and/or accommodations available to the general public.  By encountering the

discriminatory conditions at Defendant's ORS, and knowing that it would be a

futile gesture to return to the ORS unless she is willing to endure additional

discrimination, Plaintiff is deprived of the same advantages, privileges, goods,

services and benefits readily available to the general public.  By maintaining a

6

ORS with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.  Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

15.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its ORS  to comply with the requirements of the ADA and to continually monitor and ensure that the subject ORS remains in compliance.

16.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to these ORS. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

17.     The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

18.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA  as requested herein.

19.     Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

7

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, the

Defendant continues to discriminate against the Plaintiff, and all those similarly

situated by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that

no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of

auxiliary aids and services.

20.       Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §

12205 and 28 CFR 36.505.

21.       Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to alter the

subject ORS to make them readily accessible and useable to the Plaintiff and all

other persons with disabilities as defined by the ADA and 28 C.F.R. Section

36.302(e); or by closing the ORS until such time as the Defendant cures its

violations of the ADA.

**Count II - Damages Pursuant to NYSHRL**

22.       Plaintiff realleges paragraphs 1-11 as if set forth fully hereunder.

23.       The NYSHRL provides:

8

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation... because of the... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability...

NYS Exec. Law Section 296(2)(a).

24.     Under NYS Exec. Law Section 296(2)(c), discrimination includes:

(i) a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;
(ii) a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden[.]

25.     Defendant's property is a place of public accommodation as defined by the

NYSHRL.

26.      Defendant has violated the NYSHRL

27.     As a result of Defendant's violation of the NYSHRL, Plaintiff suffered frustration,

humiliation, embarrassment, segregation, exclusion, loss of the equality of

opportunity, and has otherwise been damaged.

28.     Pursuant to NYS Exec. Law Section 297(9), Plaintiff is entitled to damages.

WHEREFORE, Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and the NYSHRL.

b.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

c.    Injunctive relief against the Defendant including an order to revise its ORS to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the ORS to ensure that it remains in compliance with said requirement.

d.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

e.    An award of damages in the amount of $1000.00 or in such amounts as the Court deems just and proper.

f.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

**Thomas B. Bacon, P.A.**
5150 Cottage Farm Rd.
Johns Creek, GA 30022
ph. (404) 276-7277
gillespie.tristan@gmail.com
New York Bar ID No. 4443461

*s/ Tristan W. Gillespie, Esq.*
Tristan W. Gillespie, Esq.

10